**Gail MOONEY–KELLY,**
**Plaintiff–Appellant,**

v.

**ISLANDS PUBLISHING COMPANY,**
**Defendant–Appellee.**

No. 02–7534.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2002.

Alan C. Trachtman, Dealy & Trachtman, LLP, New York, NY., for Appellant.

Stanley McDermott, III, Piper Rudnick LLP, New York, NY., for Appellee.

PRESENT: NEWMAN, KEARSE, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of January 30, 2002, and order of April 15, 2002, be, and hereby are, AFFIRMED.

Plaintiff argues that the district court erroneously based its dismissal of her state common law action on a finding of fact that was impermissible on a Federal Rule of Civil Procedure 12(b)(6) motion.

The parties entered into an agreement pursuant to which the defendant was to purchase photographic transparencies from the plaintiff. The agreement contained a choice of venue clause that read

as follows: "The sole jurisdiction for any legal proceedings under this Agreement shall be Santa Barbara, California." Thereafter, the plaintiff sent transparencies to the defendant accompanied by her own "Job Delivery Memo." When the transparencies disappeared, the plaintiff brought suit in the United States District Court for the Southern District of New York seeking compensation for them under the terms of the Job Delivery Memo.

The district court dismissed the complaint without prejudice on the grounds that the choice of venue provision of the parties' contract permitted such a suit to be brought only in a court in Santa Barbara, California. We agree and therefore affirm.

For the foregoing reasons, the judgment and order of the district court are hereby AFFIRMED.